UNITED ~~JUDGE GARDEPHE~~ COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 8023**

------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,

   v.

GRAND CENTRAL
PARTNERSHIP, INC.,

               Defendant.
------------------------------------------------------------x

Civil Action No.

**COMPLAINT
AND JURY TRIAL DEMAND**



RECEIVED
SEP 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Deon Bailey ("Bailey"), Brian Lee ("Lee"), Frantz Seraphin ("Seraphin"), and Milton Marcano ("Marcano"), who were affected by discrimination in the workplace. As alleged with greater particularity below, Grand Central Partnership, Inc. ("Defendant") subjected Bailey, Lee, Seraphin, and Marcano to discrimination on the basis of their religion (Rastafarian) by refusing to accommodate their religious practice in the Defendant's application of its "Personal Appearance" policy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendant has been a New York not-for-profit corporation doing business in the State of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Bailey, Lee, Seraphin, and Marcano filed a charge with the Commission alleging violations of Title VII based on conduct by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Bailey, Lee, Seraphin, and Marcano have been employed by the Defendant and have been adherents of the Rastafarian religion during all relevant times.

8. As outlined below, Bailey, Lee, Seraphin, and Marcano requested a religious accommodation concerning Defendant's "Personal Appearance" policy, which Defendant denied, and Bailey, Lee, Seraphin and Marcano were disciplined by Defendant for failure to comply with that policy:

A. Defendant's Security Department Rules and Regulations contain a "Personal Appearance" provision which requires that "when on duty and in uniform, all security patrol officers will be neat in appearance …with their hair properly cut …" Bailey, Lee, Seraphin, and Marcano informed Defendant that their religion required them to wear dreadlocks, and requested that they be permitted to wear their locks underneath their uniform caps and tied at the back. Defendant denied their request and stated that employees "who cannot trim their hair because of religious beliefs" may pin or tuck their hair "neatly inside their security department issued uniform caps…" even though the requested accommodation would not have caused an undue hardship to Defendant

B. Bailey, Lee, Seraphin, and Marcano have been unable to comply with Defendant's policy, as their growing dreadlocks have become increasingly difficult to tuck fully inside the uniform caps and doing so has caused them pain. Defendant repeatedly verbally reprimanded Bailey, Lee, Seraphin, and Marcano for failing to tuck their dreadlocks fully inside their uniform caps. Defendant also disciplined Bailey, Lee, and Seraphin for allegedly violating the "Personal Appearance" provision by suspending Lee for one day on May 16, 2006, and suspending Lee, Seraphin, and Bailey on June 15th and 16th, 2007 for not fully tucking their hair under their uniform caps.

C. In 2005, Defendant informed Seraphin with that he would be terminated if he did not shave the beard he had started growing in accordance with his Rastafarian beliefs, based on Defendant's "Personal Appearance" provision which requires officers to be "clean shaven." Seraphin subsequently shaved his beard.

9. Defendant also engaged in disparate treatment under Title VII based on religion by disciplining Bailey, Lee, and Seraphin for not fully tucking in their dreadlocks underneath

their uniform caps while not enforcing this requirement on other non-Rastafarian officers who were allowed to wear their braids down rather than being fully tucked inside their uniform caps.

10. The effect of the practices complained of above has been to deprive Bailey, Lee, Seraphin, and Marcano of equal employment opportunities and otherwise adversely affect their status as employees because of their religion, and to inflict emotional pain, suffering, loss of enjoyment of life, embarrassment, humiliation, and inconvenience upon him.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to Bailey, Lee, Seraphin, and Marcano's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities and accommodations for employees with religious needs and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make Bailey, Lee, Seraphin, and Marcano whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D. Order Defendant to make Bailey, Lee, Seraphin, and Marcano whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment

practices described above, including but not limited to emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience in amounts to be determined at trial.

  F. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 17, 2008
Manhattan, NY

                                  Respectfully submitted,

Ronald S. Cooper
General Counsel
James L. Lee
Deputy General Counsel
Gwendolyn Y. Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Robert D. Rose
Supervisory Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Telephone No.: 212-336-3706
Facsimile No.: 212-336-3623
Email: robert.rose@eeoc.gov